Can I get some here? Yes, you can. Do you want to take a break? Yes, just one more. Oh, my God. Oh, my God. You can have it all. Well, I'm just going to pour a little bit in here. I guess I was bad. I guess I was bad and didn't want it. All right, we're ready for our next case once counselors are settled. We have S.S. v. Cobb County School District. Ms. Ames. May it please the court. I'm Catherine Ames, and I represent Cobb County School District. The school district is here today to ask this court to correct three errors that were made by the district court in this IDEA appeal. First, the district court applied the wrong standard of review when it reviewed this case. Without a decision by this court to correct that error, the district court's decision will stand as dangerous precedent in an area that's already plagued with confusing case law. I understand where the school district is coming from on this, but do we even have jurisdiction to hear this appeal? Do we have a final order from the district court? Your Honor, yes, you do. And what the school district is asking this court to hold is really very narrow. We're asking this court to find that when a district court reviews an administrative court's decision on a dispositive motion, the district court's ruling on that decision must be appealable as a final order under 28 U.S.C. 1291. Every circuit that has addressed it in published and unpublished opinions that I can tell has adhered to the general rule that where a district court remands to an administrative agency for further fact-finding or for further proceedings, that that is not a final order. Well, Your Honor, we would point to the second circuit opinion, B.C., which is cited in our briefs. And in that case, which is very similar as an IDEA appeal, the district court denied the party's motions for summary judgment, vacated the decision of the state review officer, and remanded the case back to the administrative court. So which case of the second circuit are you talking about? This is B.C. v. Colton-Pierre-Pont Central School District. Right. And the court did find that it had jurisdiction under Section 1291, and it elaborated that because the district court had denied the party's motions for summary judgment, vacated the decision, remanded to the hearing officer, and dismissed the complaint without prejudice, that indicia finality that's required for appellate jurisdiction was present in that case. The second circuit in Avarice did exactly — this is almost exactly on point — remanded for further issues similar to here, and the second circuit there said that it was not a final order. And that was consistent with the third circuit in L.W., the tenth circuit in C.W., the ninth circuit in Shapiro, every other — and our own general rule. I mean, we've said generally this happens. Now, what I'm interested in is not so much what other circuits have said, but why we would create an exception to our general rule here. I think that is the place that I'd like for you to start. Yes, Your Honor. The first reason is what I just cited, and that's from the second circuit's analysis, and that's that this case does have the hallmarks of a final decision. In that case, though, you just said that the complaint had been dismissed, right? The case was — in the B.C. case, the case was remanded back to the administrative court for a hearing, and the second circuit still exercised jurisdiction. When you were listing what happened, I can't recall this case as well. When you were listing what happened, perhaps I misunderstood you, but I thought that you said that the case was dismissed without prejudice. Oh, I'm sorry. I apologize. So the district court dismissed the complaint, which is exactly what we have here. The district court dismisses — District court didn't dismiss the complaint in this case. I'm sorry. I apologize. In this case, that's the distinction that Judge Grant is drawing and why it's different. Dismissing a complaint is final. There's no more review of that complaint. Here, as I understand it, and correct me if I'm wrong, the last words of the district court are, I'm granting relief, I'm remanding, and I'm closing the case. Yes, Your Honor. They closed the case and remanded it. There are tons of cases here and elsewhere that the label close the case is not — that doesn't have independent significance. The question is what substantively did the district court do? The district court could deny relief, and I'm closing my case right now because I don't feel like it's on my six-month report. District judges will know what I'm talking about. So there's lots of reasons to close a case. That's independent of whether it's a final order or not. So I go back to my question. Why would we create an exception to our general rule for when administrative proceedings are remanded back to the administrative agency? Yes, Your Honor. And I want to point this case. It's actually a case that was cited in the family's brief, which is MCI Telecommunications. And in that case, this court specifically found that when a district court orders an administrative agency to proceed under a specific legal standard, that order then becomes appealable. And that's because the administrative agency at that point has no choice but to conform to the district court's mandate, which renders the decision unappealable. But what standard did the district court do here? All the district court said is there are genuine issues of fact, and I want you to go and have an evidentiary hearing and resolve those. It didn't say you have to apply the preponderant standard, you have to apply this standard or that standard, did it? Well, Your Honor, the problem is in finding that there were these supposed issues that disputed back, the district court was applying the wrong standard of review. It was applying the strict Rule 56 standard of review. I might agree with you on that. But what you just said for why we create an exception is if, and I can kind of understand that. In other words, if we're directing the administrative agency to do X, and X is contrary to law, then maybe that legal conclusion would get reviewed. Maybe I can see that. But that's not quite what happened here. All the district court said is there are some disputes of fact, that here are two of them. We need findings of fact because there were none below. And once there is, then you can file a new lawsuit and come back here and get some review, right? Well, the issue in this case is more complicated because the district court in applying the wrong standard of review is now requiring the administrative court to hold a hearing that is not legally required because that's not the correct standard. So the IDEA stands as a process by which there's supposed to be an expedient review of these cases. And the district court, I mean the administrative court, excuse me, has at its disposal the summary determination motion, which is how this case came up. The school district moved for summary determination in this case, and the administrative law judge, who I think has been on the bench for 27 years, found that each and every one of the family's claims in this matter could be dismissed through the summary determination dispositive motion. And so then it went to the district court, and the district court applied the wrong standard of review and applied that strict Rule 56 standard and then sent it back on remand. No thanks to the district, by the way. I'm sorry? No thanks to the district. Well, Your Honor— Let's not put all the blame on the district court judge here, right? Well, prior counsel for the school district did articulate that it believed we met that more stringent standard, but I don't believe they waived the right to have the correct standard of review. They may not have, but— Applied in this case. But I am sympathetic to a district judge who is given briefing by both parties. Both parties brief a specific standard. The district judge then applies that standard, and then the party comes on appeal and says the district court did it completely wrong. You may be right that that's not waivable, but that's not all that fair to the district court judge, is it? I understand. I understand your concern, and I share your concern that the IDEA—the case law in IDEA appeals is extremely confusing, and the summary judgment motion is often used as a mechanism to ask the district court to enter final judgment when there really is very specific standards that were articulated by this court in Lauren F. of how the court needs to look at these cases, and it didn't happen here. And the problem is the school district, if we go back on remand and have the hearing, at that point the bell has been rung. That is the harm. The harm is the hearing because it's not legally required. Lauren F. required that the district court utilize the summary. I agree with you completely. The district court may essentially treat the summary judgment as a disputed record and make findings from that disputed record. But is it required to do so? Lauren F. seems to use the term may very often for us to be able to find that it's a requirement to do so. Well, I think that Lauren F. is very clear that that is the standard of review when you're looking at an IDEA appeal and that in an IDEA appeal, summary judgment is appropriate even when facts are in dispute. It's based on a preponderance of the evidence. And this court extended that holding when it decided K.A., and in that case the court went so far as to say that Lauren F. standard should be applied even when the district courts were viewing an administrative court's decision that was made on summary determination, which is exactly what we have here. But again, just because it can do it. In other words, district courts have the ability to decide administratively how they want to deal with things. They could decide, hey, we can do this summarily. Or they can decide, I need some more development of the record. Or, in other words, there's really broad authority for the district court to do its review. So I guess my question is, why can't the district court say, I need some more facts here, I just don't think there's enough here for me to make the call, and I need to remand it in order to get some of that fact-finding done? Well, Your Honor, I think that that would change the entire landscape of how IDEA appeals are decided. And I think that kind of points back to the issue here of why I think this court should exercise jurisdiction because this is an area with confusing case law, and it is important and urgent that district courts are applying the correct standard of review to these cases. Because when they do not apply the correct standard of review— That's why when you brief the next case to the district court, don't argue about the summary judgment. Say, it clearly does not apply. And cite Lauren F. and say, you can make fact findings. The fact that they're disputed issue of facts doesn't matter here. This reads like a classic summary judgment case. And the district court, I think, got it very wrong. But the problem is it's in the locatory order. It's not a final judgment. There's nothing we can do about it, is the problem here. I think, practically speaking, it would be good. It would short-circuit it, and I think probably summary disposition could have been warranted here. But the district court applied the wrong standard of review, and we don't, at this stage, have jurisdiction. So you need to have the ALJ in cases like this. They should have made a fact finding whether or not one-on-one. The ALJ said, well, I don't really have to do that because you took her out of school. You did this, you did that. They needed to make a fact finding on whether you had to have one-on-one or whether the reason the six people or four people and teachers, paraprofessionals versus six was okay. You needed some concrete fact findings there. You need your ALJ, particularly an experienced one, to make some fact findings. Say, decide this. And then you need to go to the district court and be very clear about it. And that just didn't happen here. I agree, Your Honor, and prior counsel did style this as a motion for summary judgment, and I agree that it would have been a lot simpler if it had been styled differently, and I certainly would have done that. But I do think that this court can exercise jurisdiction, even in the cases that are cited by the family in their brief. There are three different cases that are IDEA cases. In each of those cases, the courts talk about exceptions to this general rule that remand orders are not final judgments. I'm citing from the Ninth Circuit opinion, the DO opinion that's cited in the family's brief. And even in that case, the court discussed the fact that jurisdiction would be appropriate if three factors could be met. If the district court conclusively resolves a separable legal issue, if the remand order would force the agency to apply an erroneous rule, and that would result in a wasted proceeding, and if the review would, as a practical matter, be foreclosed upon if appellate review was unavailable. And the school district would contend that all of those factors are present here. The district court erroneously concluded that a Rule 56 standard applies in an IDEA case, and they're now forcing the administrative court to conduct a hearing solely based on that erroneous ruling. The remand order is going to force the administrative agency to apply the erroneous ruling and will result in a wasted proceeding, and appellate review of this issue is going to be foreclosed upon as a practical issue because if we go back to the administrative court and conduct a hearing, there is no ability to appeal the application of the wrong standard of review. And I see that I'm out of time, so I'll reserve the rest of my time. Thank you. We have Mr. Goodmark. Thank you, Your Honor. And may it please the Court, my name is Craig Goodmark. I, along with my co-counsel Jennifer Yankolova and Joan Nelson, represent the appellee S.S. and her family in this case. I've identified that the court is very interested in jurisdiction, so I'll move right to that, the family's response there. We have briefed that 28 U.S.C. 1291 requires finality to confer this court jurisdiction. The articulated standard, as Judge Luck has noted, is it must be a final decision, and that's one that ends the litigation on the merits. What's your response to opposing counsel's argument that this would meet the three standards, the three factors set out by the Ninth Circuit in the general case? Sure. And we would disagree, Your Honor. The Ninth Circuit case, D.O., they did identify those three factors. The first factor was that it would be a purely legal issue that would be being dealt with.  We need to have a hearing. We need to develop all of the facts. And so the remand would involve not just an issue of law, and this would be not purely legal. And the third one I'll move to, that the review would be foreclosed because there would be no immediate appeal. And even in the judge's district court order, he's indicated that once we have our hearing, then we can come back. You may appeal. You may appeal up to the Eleventh Circuit once you have a final order from the district court. And so the review of this case would not be foreclosed upon by making the order non-final. So those factors don't exist, Your Honor. Could we review at that stage the application of the summary judgment standard in the first round? Certainly. Certainly I think you can. That would be part of the case, and you'll apply the standard just as you would whether or not it would be deference, whether or not it would be for pure clear or, excuse me, for legal error. But I think you can evaluate that. Well, but the problem is if we were to evaluate it in the second go-round, we would say there was no need for a hearing, and we would remand it at the district court to apply the right standard based on the record at the time of the original ruling. Yeah, I understand. Sorry. So it really doesn't give relief. It's really not reviewable because then we've got a final judgment, and that would kind of be like an interim discovery thing. Right. It's going to be really moot by the time you have the final order. I understand that. But the countervailing interest on the other side, Your Honor, is to allow these cases in the interim to be appealed when clearly the judge has given no indication that the case is final. This case was remanded, reversed and remanded. The case was closed administratively, but, again, it wasn't dismissed, and so you don't have any of that indicia of finality, and the level of review would be the level of reviewable. We do have finality as to whether or not this case is subject to summary determination. The district court says it's not subject to summary determination. The ALJ did a summary determination and did make some fact findings, but not the ones the district court felt like were necessary. The district court says, no, there are issues of fact here. Go have a hearing. So you're never going to get review of whether it should have been resolved on a summary determination. I understand. But these are the kinds of issues that I think have been addressed in the other circuits, in the Third Circuit, in the Tenth Circuit, and even here in LJ, the case that Judge Grant wrote the opinion on. LJ, yes, the materiality standard case. That case was also dismissed because there was not a final order, and the case then was remanded back to the district court, back down so that they could have more evidence taken. I think this clearly doesn't look like a final order. The question is what she just asked, why not an exception here under those three criteria? Because the issues that are being dealt with at the lower courts are not purely legal, and that would be our position, Your Honor. They're not a pure legal question. We have issues of fact that needed to be developed, and that's as I understand the reading of DO. But in that inherent in whether or not there should have been a summary determination, as the ALJ did, that's the legal issues, whether there should have been a summary determination. But I think at that level we could evaluate any decisions that get made at the district court as purely legal, and this was more to do with the lack of factual development. We often decide legal issues and then remand back to the district court to apply the law to the facts that it already has. Why couldn't we do that here? It's a good question, Your Honor. Again, we believe that there is no final order. It's a hard question for me to answer. Let me ask it this way. Imagine for the moment, take it out of the administrative context, just regular plaintiff versus defendant, and summary judgment is filed by the defendant there. A plaintiff opposes summary judgment, just as happened here, and the district court just clearly gets it wrong, says I can determine the record here and determine disputes, and I think that there's enough here, and I'm going to make this determination and that one, but I think we need a jury trial on the rest of it. And the case goes to a jury trial, and there's a verdict. First question, can we review the district court's misapplication denying the summary judgment motion, misapplication of law and the denial of summary judgment under that circumstance? Yes, I believe you can. The denial of summary judgment, meaning the case goes on? We don't interlocutorily take those, do we? If they have split them apart, Your Honor, through the mechanism of Rule 52, I think then you could. But district court doesn't grant certification, doesn't do anything. No, then there you have a non-final order that's remanded, correct. And then what happens after you go to trial? Are we allowed to review the summary judgment determination after a jury has rendered a verdict on those same issues? No, Your Honor, I submit you wouldn't, but I don't think that's what's happening. Completely unreviewable, right? Right. I don't think that's what's happening here, though. I'm not saying it is, but there are injustices at summary judgment all the time that go on unreviewed by us. Take motions to dismiss. What if a district court just says, I don't feel like it on this particular case, not qualified immunity or anything else, regular motion to dismiss for failure to state a claim. I don't feel like it. I want this case to keep going. Case goes all the way. We don't review that, do we? No, Your Honor, you don't. Case keeps going, and it's not final. And that's the countervailing interest here, and I think that's the reason that you would want to follow all the other circuits who have said it. Because this can happen in several administrative contexts. The courts have said that remands are non-final orders. They're not a final order, and therefore the interest that the litigants have would be to have their day in court. And I submit, Your Honor, IDEA requires that day in court. And so the legal standards that are to be applied really are within the context of what's going on in the case. And in this case, you know, we needed an administrative hearing in order to be able to develop those facts. I would submit, lower enough, yes, says that summary determination is appropriate, but it doesn't say that summary determination is required. There's multiple tools that the district court can use in order to evaluate the cases that come before it. As Judge Luckett indicated, the district court has broad discretion here. There's some later cases, though, where we seem to indicate that a district court must apply the preponderance standard at the summary judgment stage. Are there not? Certainly the preponderance standard. And the district court can resolve disputed issues of fact on a summary determination. I was unclear what relief you were seeking on behalf of your client at this stage. I don't think it's moot, so don't get me wrong about that. But what is the relief you're seeking? I didn't see a claim for damages. I didn't see any evidence that the homeschooling or anything you said before the ALJ, you know, put any money evidence in. So what is the relief you're seeking? In the complaint, it just says declaratory. I think maybe it said injunctive relief. But there's no damage claim. No, we don't have damage. And there is an attorney's fees claim. That's true. But what is the, other than attorney's fees, what is the relief you're seeking here? Sure. And I believe the relief we're seeking, as we've been seeking all along, is compensatory education. Under IDEA and RL and DRAPER and, you know, a panoply of special education cases. So at age 23 to go back and for the school district to provide education? In this context, it would be to pay for services to provide the education that this child should have had in 2016 and 17. And that's provided for under the law. The compensatory education would go to the program that would be developed to allow this person to become independent, to develop their independent life skills. And while it may have been something separate or different earlier in the case, now it would be about her independent life skills. So it's not a reimbursement case where a child was moved. It's to pay for services. No, Your Honor, it's not. To move forward. Correct. It's compensatory education. It's one of the many things the ALJ did not get right. We didn't remove this child and seek private school reimbursement. This family doesn't have the means to do that. This family was seeking compensatory education. It was developed through a program by the expert who was. You've answered my question. Thank you. Thank you, Your Honor. So if there are no more further questions about the jurisdiction, we'd like to move forward, talk a little bit about the deference that the ALJ should get. The ALJ's discussion is subject to a de novo review by the district court under the town of Burlington versus Massachusetts. The court had broad discretion, as Judge Luck identified. The district court, like we had talked about, has several tools to do this. But they're not required tools. You aren't required under Lawren F. to have a summary determination finding when there are disputed issues, although you can. But in those cases, it's usually when there's been a full hearing and there's a factual development in that hearing to allow a judge to make those determinations. A record that has 375 pages, as Judge Grand knows from ALJ, these hearings go days and days and thousands and thousands of pages of a hearing record. This case doesn't have that. And so using a Lawren F. summary determination in this case would not have been appropriate. The judge at the district court level could have taken other evidence as well. The judge could have held a trial, as they did in Lawren F. Because even in Lawren F., while they identified summary determination may be appropriate, had to remand the case back down to the district court with a direction to hold a trial. And they did. They were there to hold a trial, develop evidence on specific issues that this court had identified. Here in this case, the record is a due process request. There's a motion for summary determination that was filed under the OSA rule, which is a specific rule, Your Honor, that says that the summary determination will be determined on whether or not there is a genuine issue of material fact that is in dispute. And that's OSA rule 15. Separate and different from the Lawren F. rule that can be applied at the district court. And, excuse me, in the record, there was the response of SS that relied upon the independent expert evaluation of Dr. Mike Mueller and an affidavit from Dr. Mueller, which laid out all of the issues that the family had with the program that was being proposed. This wasn't a situation where the ALJ heard any testimony, was able to determine credibility, or apply any level of educational expertise to a specific finding of fact. As the court noted in Jefferson County v. Breen, when we conceptualized the IDEA hearing process, that there be a hearing and that the bulk of the evidence come from the hearing. And the reason we do that is because IDEA statute requires that hearing. IDEA statute requires a hearing, requires the exchange of information prior to that hearing, requires the compulsion of witnesses, and cross-examination. And none of those things happen in this case, Your Honor. And that's why we believe that the remand is appropriate to allow that to happen, to have that day in court. Now, the school district cites Loren F. and K.A. arguing that the district applied the wrong standard, but that's just simply not correct. As we stated, the district court has the option to make a summary determination at that point, but it's not a requirement that it has to do that. And in R.L., the case from the 11th Circuit, it also says that. It says you may make a summary determination under Loren F., you may also receive additional evidence as laid out in Walker v. Bennett, and you also may use a Rule 56 motion to determine whether or not there are disputed issues of fact. To distinguish very quickly, Your Honor, I will. K.A. was the case where that is true. There was a summary determination at the administrative level and then a review of that by the district court on summary judgment or summary determination. But as the court notes in K.A., the issues in K.A. were purely legal. There was no factual development necessary because the claims that the family had brought were about whether or not the statute was applied in the correct way, and just pure legal issues, whether or not the school district or the family had to file due process, whether or not prior written notice was required. I've got a question for you on a different issue. You piqued my interest when you talked about compensatory education. We said in J.N., I think last year, that compensatory education is to bring the child to where they would have been had they had the right services. And it sounds like you were saying that compensatory education now would be a different set of services. Can you clarify what your position on that is? Only because it's – I apologize, Your Honor, and I agree that is the standard. Compensatory education is the remedy that's required to close the achievement gap that's created by the failure to provide a free, appropriate public education. In this case, as you noted in J.N., there would need to be evidence as to what that compensatory education would consist of. And I was simply referencing that when the case was filed, it was several years ago, and it would have looked one way. But now that the case has aged to this point, Dr. Mueller, who is still involved in the case, Your Honor, and is still willing to provide expert testimony as to what compensatory education should look like, would be something different simply because the child has become older. And so the standard is still the same. The claims are still the same. The case should be remanded to the administrative law judge so that the IDEA hearing can be held. The court should affirm the decision of the district court who reviewed de novo the legal conclusion of the ALJ and easily identify that there were issues of fact that existed. Consistent with, again, IDEA's guarantee of a hearing when material disputes develop in the planning process, S.S. and her family are entitled by law to have their day in court. And this court should affirm the decision of the district court or, in the alternative, as you've noted, dismiss the case for want of jurisdiction and allow the case to continue. Thank you. Ms. Ames, you have two minutes for rebuttal. Thank you, Your Honor. The district court in this case did not remand this case because it agreed with the ALJ's factual findings. In fact, the district court did not overturn a single one of the 29 paragraphs of factual findings in the ALJ's report. There are no factual findings, right? There are factual findings made by the ALJ. Didn't the ALJ say these are the facts that are undisputed by the parties? Sorry, the ALJ never said I find as a matter of fact based on this record. Here's what the ALJ wrote. This is on page 3 of the order. It's docket entry 3-1. Having reviewed the motions for summary disposition, responsive filings and exhibit, the court concludes, not finds, concludes that the following facts are not in dispute. That's not a fact finding, is it? I guess I should have spoken more precisely. The ALJ wrote 29 paragraphs of facts that they found to be not in dispute in this case. And they also had 27 paragraphs of conclusions of law. And I think it's important to note that not a single one of those findings was overturned by the district court. The only thing, the only ruling made by this district court is that under this, when they're applying that strict Rule 56 standard, which was the inappropriate standard, they found that summary determination should not have been entered in this case. And we would respectfully disagree with the family that the IDEA always requires a due process hearing. It is very common in the special ed world and in an IDEA case for the motion for summary determination to be a mechanism that is used for administrative courts to dispose of cases. And when the ALJ, I mean, excuse me, when the district court fixated on these two issues that they thought would preclude summary determination, what's really interesting is those two issues are not even issues of material. They're not issues of fact. Those are issues of, those are conclusions of law. What they're really saying is, did this child require a one-to-one paraprofessional? There's no factual dispute over whether a one-to-one paraprofessional was provided. The question really is, can the ALJ decide on competing, look at competing expert opinions and decide on this conclusive, on this legal issue, whether a one-to-one paraprofessional was required? Similarly to the goals and objectives. There's no dispute in this case over what the goals and objectives were in the student's IEP. The issue here was whether, was a competing expert view on this ultimate legal conclusion. And so when the district court found that under this strict Rule 56 standard, which is not the standard for an IDEA appeal, when they found that this case has to go back to the administrative court to have a hearing, that finding was erroneous. And I want to point out that in every circuit that has declined to exercise jurisdiction in an IDEA appeal involving a remand order, every one of those circuits has acknowledged these exceptions that we've articulated would apply here. The Tenth Circuit noted that when it's clearly urgent that an important issue that's unsettled and serious be decided that there needs to be a balancing test about whether the injustice by delaying appellate review would outweigh the inconvenience and cost of piecemeal review. I've already cited to the Ninth Circuit, which found that jurisdiction would be appropriate if the district court conclusively resolves a separate legal issue, forces the agency to apply an erroneous ruling that would result in a wasted proceeding, and if appellate review would be foreclosed. And then I'll cite to their Third Circuit case. This is the L.W. case. Again, the court looked at the fact that a remand order may be final if it resolves a question of law, if the legal issue is important, and if denial of immediate review will foreclose appellate review in the future. The school district would contend that the district court has decided a very specific legal question, which is whether summary determination was appropriate here. And in so holding, they applied the wrong standard of review. They applied the strict Rule 56 standard instead of the standard that was clearly laid out by this court in Lauren F. If the parties go back, the administrative court will be forced to apply this erroneous ruling. They will have no discretion over whether they believe summary determination is appropriate, and this will result in a wasted proceeding. I know you're over time, but I have a few follow-up questions on that. One, do you think the standard in Lauren F. is mandated or is available? Your Honor, my reading of Lauren F. is that that is the standard for any IDEA appeal, and I think the confusion in these cases comes because parties do use the summary judgment motion when really it's probably more appropriately styled as a motion for judgment on the administrative record. The question is, would it be error if the district court here said it didn't, but if it said, I have a small record here. I'm not sure I feel comfortable making findings based on this record. I'd like more discovery and maybe take some testimony. Would that have been wrong if the district court had done that? I don't know that that would have been wrong. Right, so it's not mandatory. But what happened here is different from that. I agree. There's no doubt. But the question is, if the district court had decided that, then the Lauren F. procedure is not mandatory. The district court may do that as a mechanism because the record is fulsome enough to be able to make the determinations he or she needs to make. But if it's not fulsome enough or for whatever reason thinks they need more, the district court is authorized to do that, right? The problem here is that the district courts, when I read the district court's order, it almost reads as though they're saying, our hands are tied. You cannot issue summary determination when there's any issue of material fact. That's not correct. They applied the wrong standard of review. So we're going to go back and have a hearing on the basis of this wrong standard of review. And to the point that was made during the family's argument, okay, if we go back, we have the hearing that isn't legally required by our position. We go back up to district court and come back before this court. At that point, the only choice this court would have would be to say, well, the district court applied the wrong standard of review, but the harm at that point has already been done. And there really is no ability to unring that bell. That's why we're asking you to exercise jurisdiction at this point. Thank you. We appreciate your argument.